UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEREMY JAMES ODOM,

    Plaintiff,

v.                                Case No. 5:22-cv-81-TKW/MJF

BAY MEDICAL, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because it is apparent from the face of Plaintiff Jeremy James Odom's first amended complaint that the District Court lacks subject-matter jurisdiction over his claim or claims, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On July 18, 2022, Odom, a prisoner proceeding *pro se*, filed a first amended complaint. Doc. 10. Odom is suing three defendants: "Bay Medical"; Dr. Green, a doctor at "Bay Medical Dell INC"; and "Farmer Bureau Insurance." *Id.* at 2-3. His factual allegations are set forth in one convoluted paragraph:

> Bay Medical applied for medical asst for [Odom] where medical results/test for [illegible] show accommodations for reasonable and appropriate accommodations made were chapter 450 chapter 460 chiropractis/ medicaldevices android kit backbrace microchips in 2011 2012 second surgery 2012 third surgery Bay Medical North [illegible] Regional Medcal Center Ft Walton Beach Medical Center asso with [illegible] medical [illegible] in Defendant snice setting have been alter

> for cancer treatment RAPE VIRTAL Reality VIRTAL sex rape is audio video sencor program VIRTAL ATTACKS I am a medical DONOR in a car crash unable to walk now mirochips quadrepledgie ELECTRIC wheelchair RAPE Dellinc hp colon/shit bag medical device.

*Id.* at 5 (errors in original).

Under the "Statement of Claims" section of the complaint form, Odom asserts, "RAPE MEDICAL MAL PRACTICE." *Id.* at 7 (errors in original). As relief, Odom requests:

> New DOCTOR reset in settings on Backbrace if needed new surgery new hospital — RECORDS REGISTRATION MALE NON GAY NON SEX OFFENDER COURT ORDER REGISTRY Medical to allow reset on hp Hewitt packerd [illegible] computer Dell Inc current."

*Id.* (errors in original).

## II. DISCUSSION

Federal courts are courts of limited jurisdiction, and they possess only the power authorized by the Constitution and Congress. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking a federal court's jurisdiction bears the burden for establishing subject-matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). That party must affirmatively allege facts which, taken as true, demonstrate that the court enjoys subject-matter jurisdiction. *Travaglio v. Am. Express Co.*, 735 F.3d 1266,

1268 (11th Cir. 2013); *see* Fed. R. Civ. P. 8(a)(1) (requiring a pleading to state a "short and plain statement of the grounds for the court's jurisdiction").

Diversity-of-citizenship jurisdiction, one basis for federal subject-matter jurisdiction, requires (1) complete diversity of the parties' citizenship and (2) an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Under the complete-diversity requirement, courts look to a natural person's domicile for citizenship. *Travaglio*, 735 F.3d at 1269. Domicile "requires both residence in a state and 'an intention to remain there indefinitely.'" *Id.* (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "An individual can have only one domicile at a time." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021) (citing *Williamson v. Osenton*, 232 U.S. 619, 625 (1914)).

Although Odom again fails to specify whether he is asserting federal or state claims, under the "Basis for Jurisdiction" section of the complaint form, Odom did not check the "Federal Officials (*Bivens* case)" box or the "State/Local Officials (§ 1983 case)" box. Doc. 10 at 2-3. Odom's only indication of the claim or claims he asserts is "RAPE MEDICAL MAL PRACTICE."

Because Odom is attempting to assert a "RAPE" claim and a medical malpractice claim under Florida law, he must satisfy the elements of diversity-of-citizenship jurisdiction. *Sweet Pea Marine, Ltd.*, 411 F.3d at 1247; *see Travaglio*, 735 F.3d at 1268; Fed. R. Civ. P. 8(a)(1). A prisoner is a citizen of the state where

he was domiciled prior to incarceration. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002).

The undersigned previously ordered Odom to set forth in his amended complaint (1) the state in which he resides and is domiciled; and (2) the state in which each defendant resides and is domiciled, to the best of his knowledge. Doc. 9 at 8-9. Odom currently is incarcerated at Wakulla Correctional Institution in Crawford, Florida. Doc. 10 at 2. Odom was born in Leon County, Florida, and prior to his incarceration, he lived in DeFuniak Springs, Florida. *State v. Odom*, No. 14-CF-482, Amended Department of Corrections Commitment Packet, Doc. 248 at 17 (Fla. Cir. Ct. Aug. 12, 2015).[1] Furthermore, Odom confirmed that he "is and will be located at" a residential address in DeFuniak Springs, Florida. Doc. 13 at 1, 3. Thus, Odom is domiciled in Florida. *Mitchell*, 294 F.3d at 1314.

Additionally, the defendants for which Odom provided an address—Bay Medical and Dr. Green—are located in Panama City, Florida. Doc. 10 at 2-3. Although Odom does not provide an address or domicile for "Farmer Bureau Insurance," Odom alleges that this defendant is "employed at" "Walton FL/Hospital." *Id.* at 3. To the extent Odom is suing Florida Farm Bureau Casualty

---

[1] The undersigned takes judicial notice of the documents filed in the First Judicial Circuit Court in and for Walton County, Florida. Odom should have received copies of these documents. Regardless, the documents can be obtained from the clerk of the respective court.

Insurance Company or Florida Farm Bureau General Insurance Company, both companies are located in Florida. FLORIDA DEPARTMENT OF FINANCIAL SERVICES, DIVISION OF INSURANCE AGENT AND AGENCY SERVICES, https://companysearch.myfloridacfo.gov/ (search Company Name field for "Farm Bureau").

In short, because it appears that all parties are domiciled in Florida, and Odom fails to set forth any factual allegations that indicate otherwise, Odom has not satisfied his burden to show that the District Court enjoys subject-matter jurisdiction over his claim or claims. *Sweet Pea Marine, Ltd.*, 411 F.3d at 1247; *see Travaglio*, 735 F.3d at 1268; Fed. R. Civ. P. 8(a)(1). The undersigned highlighted this issue for Odom and specifically instructed Odom to address it in his amended complaint. Doc. 9 at 7-9. Odom disobeyed the undersigned's instructions and has not alleged facts which indicate that the District Court enjoys subject-matter jurisdiction.

### III.  CONCLUSION

Because it is apparent from the face of Odom's first amended complaint that the District Court lacks subject-matter jurisdiction over his claims, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice for lack of subject-matter jurisdiction.

2. Order the clerk of the court to close this case.

At Pensacola, Florida, this 14th day of September, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**